This is a proceeding to sell lands for assets, in which the Standard Mica Company intervened, upon the allegation that it is the owner of the land described in the petition.
There was evidence tending to prove that the Standard Mica Company was duly incorporated and purchased the "Lyle Mill Knob Mica Mine" in Macon County, and within a few months after it was organized, A. L. Roberts, director, obtained a judgment against the corporation, and under this he had the property sold and bought it in; that he sold the property to William B. Angle, the secretary of the corporation; that Angle died; that Christine Nolop brought action against Angle's administrator in North Carolina, and obtained a judgment for debts claimed to have been contracted by his last illness; that the administrator brings this proceedings to have the property subjected to Angle's debts, and the Standard Mica Company intervenes and pleads that it is the owner of the property.
It was admitted that Roberts and Angle were officers of the company, and Mrs. Nolop testified in substance that she advanced to them $850 and $250 to enable them to organize the company and procure (391) title to the land in controversy, under an agreement that the title should be held by Angle until these sums were repaid to her.
The jury returned the following verdict:
1. Was William B. Angle secretary of the Standard Mica Company of North Carolina before and at the time of the execution of the deed from A. L. Roberts to William B. Angle? Answer: Yes. *Page 313 
2. What sum, if any, did Mrs. Christine Nolop advance to William B. Angle for the purpose of purchasing the property in question from Roberts? Answer: $850.
3. What amount did said William B. Angle pay A. L. Roberts as consideration of the deed from Roberts to Angle? Answer: $850.
4. Was it agreed before and at the time of the advancement so made and the taking of the deed from A. L. Roberts by William B. Angle that the property was to be held in trust by the said Angle for Mrs. Christine Nolop until the amount advanced, together with $2,500 theretofore put into the company by Mrs. Christine Nolop, was repaid to her; and if so, was such agreement made between the officers of the Standard Mica Company of North Carolina and Mrs. Christine Nolop and William B. Angle? Answer: Yes.
The Mica Company excepted to the submission of the fourth issue.
Judgment was entered upon the verdict, and the Mica Company appealed.
The fourth issue is not directly raised by the pleadings, but as the Mica Company is proceeding upon the idea that when its officers bought the land they held the title in trust for the company, it cannot invoke the jurisdiction of the court without repaying the money advanced by a third and innocent party, in procuring the title to the property and completing the organization of the company. (392)
It does not appear that either party has been deprived of the opportunity of offering evidence, and if necessary, we would permit an amendment now in the interest of justice.
The exception to the charge is to a statement of the contentions of the parties, and is without merit.
The other exceptions are formal.
No error.